HOOD, Judge
(dissenting).
I am unable to agree with my colleagues in their conclusion that under the alleged facts the defendant owed a duty to plaintiff to inspect the boiler in the courthouse.
The policy which the defendant issued to the Avoyelles Parish Police Jury provides merely that the insurer is “permitted” to inspect the boiler and that it may “suspend the insurance” if a dangerous condition is discovered. The policy imposes no duty of any kind on the insurer to inspect the boiler or to make any reports to the owner-insured or to its employees. The insurer, of course, had no right or authority to maintain the boiler or to repair it.
The fact that the Commissioner of Labor appointed an employee of the defendant-insurer as a “special inspector, who shall serve at the pleasure of the commissioner,” imposes no duty on the defendant company, as the employer of that inspector, to inspect the boiler. The law does require that the insurance company file with the commissioner all reports submitted by the inspector, but it does not impose a duty on the company to make the inspections. I think the defendant’s alleged failure to make inspections under these circumstances could not be considered as an act of negligence on its part constituting a proximate cause of the accident.
Even if it should be determined that defendant was under a duty to inspect the boiler and report defects in it to the Police Jury, the pleadings show that this was done. In Article 5C of plaintiff’s Second Supplemental and Amending Petition, he alleges:
“Prior to the explosion of October 19, 1964, which apparently resulted because gas was escaping from the nipples or other parts of the burner, defendant had specific knowledge of the defective burn *430 er because it had recommended repairs more than a year prior thereto; * * * (emphasis added)
My appreciation of the facts alleged and the law is that the defendant-insurer owed no duty to anyone to inspect the boiler, and that it has no right or authority to maintain or repair it. The duty to make inspections, as required by LSA-R.S. 23:535 and 23:536, rests upon the Commissioner of Labor, and I do not believe a failure to make them imposes liability on the defendant. In spite of the fact that the defendant had no duty to inspect or warn of defects, however, the allegations in the petition specifically show that it did give such a warning. In my opinion, therefore, the trial judge correctly held that the petition failed to state a cause of action.
For these reasons, I respectfully dissent.